

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/22/2013

| IN RE: | § | Case No. 12-37001 |
|---|---|---|
| CHERRY LYNN MCDONALD; fka | § | Chapter 13 |
| BLUMER, | § | |
| Debtor(s). | § | Judge Isgur |

## MEMORANDUM OPINION ON OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS
[Relates to Doc. No. 49]

Texas law generally permits an individual to exempt her homestead from the reach of her creditors. However, an individual who abandons her homestead is no longer entitled to claim this exemption. The parties agree that the Debtor established a homestead in Texas. The sole issue in dispute is whether the Debtor abandoned her homestead. If she did, she is not entitled to claim the homestead exemption.

The Trustee has not met his burden of demonstrating abandonment. Accordingly, the Trustee's objection to the Debtor's claimed homestead exemption is overruled.

### Background

On September 20, 2012, Cherry Lynn McDonald filed a voluntary petition under Chapter 13 [Doc. No. 1], and on October 8, 2012, the Debtor filed her Schedules. [Doc. No. 20]. On her Schedule C, the Debtor claimed a homestead exemption for real property described as "4130 Bedynek, Manvel, TX 77578" (the Real Property). [Doc. No. 20, p. 3].

David G. Peake was assigned as the Chapter 13 Trustee of the Debtor's case. On November 21, 2012, the Trustee filed an objection to the Debtor's claimed exemption of the Real Property, arguing that "[t]he Debtor cannot claim an exemption in the Real Property . . . because the Debtor does not actually reside at the Real Property and has not been in possession of it for

several years." [Doc. No. 49, ¶ 2].  In essence, the Trustee argues that the Debtor abandoned the Real Property as her homestead and therefore is not entitled to exempt it.

On February 11, 2013, this Court held an evidentiary hearing on the Objection. The Debtor appeared at this hearing and provided testimony. The Debtor testified that she is currently living and working in Louisiana [Tape Recording, 02/11/2013 Hearing at 2:03:53–2:04:25 p.m.], but that she intends to work there only temporarily and then return to the Real Property. [*Id.* at 2:30:13–44 p.m.]. Thus, the Debtor argues that she has not abandoned the Real Property as her homestead and is entitled to exempt it. No other witnesses testified. No documents were admitted into evidence that reflect abandonment of the property.

**Analysis**

A. **To Demonstrate Abandonment, the Trustee Must Show that the Debtor Left Her Homestead and Does Not Intend to Return.**

Texas constitutional and statutory provisions protect a person's homestead from the reach of his creditors in all but a few respects. *See* TEX. CONST. art. XVI, §§ 50, 51; TEX. PROP. CODE §§ 41.001, 41.002. A homestead consists of "the dwelling house constituting the family residence, together with the land on which it is situated and the appurtenances connected therewith." *Huggins v. Pierce*, 2000 U.S. Dist. LEXIS 20615, at *11 (W.D. Tex. June 21, 2000) (citing *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. App. 1983)). Once homestead rights are established in a piece of property, they are presumed to continue and "can be terminated only by sale or *actual permanent abandonment* of use as such." *Hollifield v. Hilton*, 515 S.W.2d 717, 721 (Tex. Civ. App. 1974) (emphasis added). Abandonment of a homestead is a question of fact on which the party challenging the homestead claimant bears the burden of proof. *Coury v. Prot*, 85 F.3d 244, 254 (5th Cir. 1996); *In re Parks*, No. H-05-3524, 2006 U.S.

Dist. LEXIS 38383, at *8–9 (S.D. Tex. June 9, 2006); *Norman v. First Bank & Trust, Bryan*, 557 S.W.2d 797, 801 (Tex. Civ. App. 1977); *Sullivan v. Barnett*, 471 S.W.2d 39, 43 (Tex. 1971).

"'A homestead exemption may be lost or abandoned by a removal from the premises under circumstances clearly indicating that the removal is not merely temporary.'" *In re Parks*, 2006 U.S. Dist. LEXIS 38383, at *9 (quoting *Coury*, 85 F.3d at 253 (citing *McFarland v. Rousseau,* 667 S.W.2d 929, 931 (Tex. App. 1984))).  A homestead claimant is not required to remain on the homestead property at all times; rather, the claimant may be absent from the property as long as the absence is temporary.  *Coury*, 85 F.3d at 253.

In addition to physical presence, courts also look to the claimant's intent.  "Generally, to constitute an abandonment of a homestead by a removal from the premises, the removal must be accompanied by the intent never to return to occupy the premises as a homestead."  *Id.* (citing *Coyel v. Mortgage Bond Co. of New York,* 124 S.W.2d 204 (Tex. Civ. App. 1939)).  Thus, "'[m]ere removal from premises occupied as a homestead, even to another state, does not constitute an abandonment so long as no other homestead is acquired and there remains at all times an intention to return and again occupy the property as the family residence.'" *In re Parks*, 2006 U.S. Dist. LEXIS 38383, at *11 (quoting *W. Tex. State Bank of Snyder v. Helms*, 326 S.W.2d 47, 49 (Tex. App. 1959) (citing *City Nat'l Bank of Bryan v. Walker*, 111 S.W.2d 350 (Tex. App. 1937))).

**B.     The Trustee has Not Met His Burden of Demonstrating that the Debtor has Abandoned the Real Property as her Homestead.**

The Debtor took ownership of the Real Property in 1995 and has utilized it as her residence since approximately 1999.  [Tape Recording, 02/11/2013 Hearing at 2:07:45–2:08:17 p.m.].  The parties do not dispute that the Debtor established the Real Property as her homestead.

1.  The Debtor's absence from her homestead is only temporary.

The Debtor's testimony indicates that although the Debtor has moved to Louisiana, her absence from the Real Property is only temporary. Under Texas law, "the acquiring of a new home is not always the acquiring of a new homestead, and one does not necessarily abandon a homestead by merely moving his home." *Norman*, 557 S.W.2d at 801 (quoting *Rancho Oil Co. v. Powell*, 175 S.W.2d 960, 963 (Tex. 1943)). The mere fact that the Debtor has moved is not enough to demonstrate abandonment.

The Debtor currently rents an apartment in Gretna, Louisiana, and has lived there for approximately eighteen months.[1] [Tape Recording, 02/11/2013 Hearing at 2:03:53–2:04:25 p.m.]. Since moving to Louisiana, the Debtor has never put the Real Property up for sale [*Id.* at 2:17:08–15 p.m.] and has never leased it. [*Id.* at 2:13:12–22 p.m.]; *see also In re Niland*, 825 F.2d 801, 808 (5th Cir. 1987) (noting that the fact that the Debtor never listed his homestead for sale was some evidence that he did not abandon it). No one is currently living in the home. [Tape Recording, 02/11/2013 Hearing at 2:10:27–42 p.m.]. The Debtor has claimed a homestead exemption for the Real Property since 1999, and continues to do so. [*Id.* at 2:43:36–47 p.m.]. The Debtor has also returned to the Real Property five to ten times since moving to Louisiana. [*Id.* at 2:10:27–49 p.m.]. The utilities are turned on [*Id.* at 2:13:50–55 p.m.], and the Debtor still uses the Real Property as her primary mailing address. [*Id.* at 2:11:49–2:12:26 p.m.]. Taken together, these are not "circumstances clearly indicating that the removal is not merely

---

[1] The length of time of an absence is not dispositive in determining whether an absence is temporary or permanent; rather, the overriding consideration in determining whether an absence is temporary or permanent is the claimant's intent. *Long Bell Lumber Co. v. Miller*, 240 S.W.2d 405, 408 (Tex. Civ. App. 1951); *see also City Nat'l Bank of Bryan,* 111 S.W.2d at 351 (finding that absence from the homestead for a number of years did not constitute abandonment where the claimants testified definitively that they intended to return and occupy the property at some time in the future).

temporary" [*Coury*, 85 F.3d at 253]; rather, these facts tend to show that the Debtor's absence *is* only temporary.

      2.      <u>The Debtor intends to return to the homestead.</u>

The evidence also demonstrates that the Debtor intends to return to the Real Property to continue using it as her homestead.[2] The Debtor began her job search in Texas, and was originally hired in March of 2011 by Inland Inspections, LLC [Tape Recording, 02/11/2013 Hearing at 2:23:50–2:24:10 p.m.], a Houston-based company that offered her a job in Louisiana. [*Id.* at 2:24:18–40 p.m.]. The Debtor testified that when she took the job in Louisiana, she intended to reside there only temporarily and then return to the Real Property at some point in the future. [*Id.* at 2:27:17–48 p.m.].

After being laid off in August of 2011 [*Id.* at 2:28:13–22 p.m.], the Debtor searched in both Texas and Louisiana for a new job [*Id.* at 2:29:04–06 p.m.], but received no feedback from her searches in Texas. [*Id.* at 2:29:25–31 p.m.]. She was offered and accepted a position at Cameron College, located in Louisiana, in September of 2011. [*Id.* at 2:28:27–35 p.m.]. The Debtor testified that she viewed this position as temporary when she accepted it, and, though she plans to remain there for at least another year and a half [*Id.* at 2:17:19–29 p.m.],[3] testified that she still views it as a temporary position. [*Id.* at 2:30:13–44 p.m.].

---

[2] The Fifth Circuit, applying Texas law, has stated that the Debtor's intent to return to the homestead must be "unqualified, fixed, and abiding." *Coury*, 85 F.3d at 253 (citing *City Nat'l Bank of Bryan*, 111 S.W.2d 350). Here, the Trustee argues that the Debtor's intent to return to the homestead is qualified because the Debtor intends to live wherever she can find a job. [Tape Recording, 02/11/2013 Hearing at 2:46:15–36 p.m.]. Indeed, the Debtor testified on cross examination that she needs a job and will, at least in the immediate future, reside where she is able to find one. [*Id.* at 2:21:32–2:22:17 p.m.]. However, in light of the debtor's other testimony—namely, that she intends to reoccupy the Real Property at some point, whether because she is able to find a job near it [*Id.* at 2:30:47–53 p.m.], is unable to find a job at all [*Id.* at 2:21:32–45 p.m.], or decides to retire [*Id.* at 2:44:59–2:45:16 p.m.]—the Court finds that the Debtor's *intent* to return to the homestead is unqualified.

[3] The Debtor testified that she is a teacher and that it is important for her to be viewed by future employers as having stability. [*Id.* at 2:31:45–2:32:52 p.m.]. Thus, the Debtor testified that she believes it is in her best interests to try to remain in her current position for a total of at least three years. [*Id.*].

The Court notes that the Debtor's Louisiana employment is hardly attractive. She receives a salary of only $15.00 per hour [*Id.* at 2:29:46–58 p.m.] and works part-time, approximately 25 hours per week. [*Id.* at 2:05:34–44 p.m.]. She is actively searching for employment in Texas. [*Id.* at 2:10:17–21 p.m.]. If she lost her job, the Debtor testified that she would return to the Real Property, but would have to take into account job opportunities. [*Id.* at 2:21:32–45 p.m.]. Finally, when asked what she plans on doing when she reaches retirement age, the Debtor testified that she plans on living at the Real Property. [*Id.* at 2:44:44–2:45:16 p.m.]. In sum, the Debtor's testimony as to her intent to return to the Real Property was very credible. The Court has no doubt that she intends to return to occupy the homestead.

Additional facts bolster the Debtor's testimony that she intends to return to the Real Property and occupy it as her homestead. The Debtor's family lives in Texas [*Id.* at 2:33:21–45 p.m.]—in fact, her mother, father, brother, and sister-in-law live on the same block that the Real Property is located on. [*Id.* at 2:32:57–2:33:08 p.m.]. On the other hand, the Debtor testified that she has no family members in Louisiana. [*Id.* at 2:07:03–08 p.m.]. The Debtor was registered to vote in Texas (although her registration recently lapsed), and was politically active here [*Id.* at 2:34:44–57 p.m.], whereas she is not registered to vote and is not active in politics at all in Louisiana. [*Id.* at 2:36:19–30 p.m.]. Additionally, the Debtor's vehicle is registered in Texas. [*Id.* at 2:36:34–2:37:09 p.m.]. In light of all of these facts, it is clear that the Debtor has not left the Real Property with the intent never to return; rather, the Debtor intends to return as soon as she is able.

The evidence before this Court indicates that although the Debtor currently works and resides in Louisiana, her absence from the Real Property is only temporary and she intends to

return to occupy it as her homestead.  Since the Trustee did meet his burden of demonstrating abandonment, the Debtor is still entitled to claim the Real Property as her exempt homestead.

## Conclusion

The Trustee's Objection to exemptions is overruled.  The Court will enter an order consistent with this Memorandum Opinion.

SIGNED **February 22, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE